1  Adam M. Rose (210880)
   adam@frontierlawcenter.com
2  Manny M. Starr (319778)
   manny@frontierlawcenter.com
3  Daniel Ginzburg (327338)
   dan@frontierlawcenter.com
4  FRONTIER LAW CENTER
   23901 Calabasas Road, STE #2074
5  Calabasas, CA 91302
   Telephone: (818) 914-3433
6  Facsimile: (818) 914-3433

7  Attorneys for Plaintiff
   Terri Gibson

8

9              UNITED STATES DISTRICT COURT

10    FOR THE CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

11

12                                          ) CASE NO.
                                            )
13                                          ) COLLECTIVE ACTION AND
    TERRI GIBSON, on behalf of herself and  ) CLASS ACTION COMPLAINT
14  all others similarly situated,          )
                                            ) 1. Violation of FLSA – Unpaid
15          Plaintiff,                      ) Overtime
                                            ) 2.  Failure to Pay Hourly Wages
16          v.                              ) 3. Failure to Provide Meal Periods or
                                            ) Compensation in Lieu Thereof
17  SWIFT TRANSPORTATION CO. OF             ) 4. Failure to Provide Rest Periods or
    ARIZONA, LLC, SWIFT                     ) Compensation in Lieu Thereof
18  TRANSPORTATION SERVICES, LLC,           ) 5. Failure to Furnish Itemized Wage
    and DOES 1 to 10, inclusive,            ) Statements
19                                          ) 6. Failure to Pay All Wages Upon
            Defendants.                     ) Conclusion of Employment
20                                          ) 7. Unfair Business Practices
                                            )
21  _____ )

22

23        Plaintiff Terri Gibson ("Plaintiff"), on behalf of herself and all others similarly

24  situated, hereby states her causes of action against Defendants Swift Transportation

25  Co. of Arizona, LLC, Swift Transportation Services, LLC., and DOES 1-10,

26  inclusive, (collectively "Defendants") as follows:

27                          **RELEVANT PARTIES**

28        1. Plaintiff Terri Gibson is an adult resident of San Bernardino County, State of

                                   -1-
                  COLLECTIVE AND CLASS ACTION COMPLAINT

1 California, and was at all times relevant residing in Victorville, California. At all times
2 relevant, Plaintiff was an employee of Defendants. Plaintiff's written consent to
3 participate in this action has been attached hereto as Exhibit 1 and is incorporated
4 herein by this reference.

5    2. The "Collective" is defined as all present and former non-exempt, non-truck
6 driver employees of Defendants employed in California within three years prior to the
7 date of the filing of this action through the date of final disposition who received
8 nondiscretionary bonuses and worked in excess of 40 hours during any workweek.

9    3. The "Class" is defined as all current or former non-exempt, non-truck driving
10 employees of Defendants employed in the State of California within four years prior
11 to the date of the filing of this action through the date of final disposition.

12    4. The "Waiting Time Subclass," or "Subclass" are members of the "Class" who
13 are no longer employed by Defendants.

14    5. The "Aggrieved Employees" are all current or former non-exempt employees
15 of Defendants employed in the State of California within one year prior to the date that
16 Plaintiff filed her Private Attorney's General Act ("PAGA") claim notice, claim
17 number LWDA-CM-769174-20, through the date of the final disposition of this action
18 who were aggrieved of any of the Labor Code violations alleged herein. Plaintiff
19 intends to bring this action on behalf of the Aggrieved Employees and as a proxy for
20 the State of California.

21    6. Defendant Swift Transportation Co. of Arizona, LLC is a Delaware limited
22 liability company with its principal place of business located in Phoenix, Arizona.
23 Defendant Swift Transportation Co. of Arizona is registered to, and does, conduct
24 business within the State of California. Any acts or omissions of Swift Transportation
25 Co.'s employees as alleged herein occurred while they were working within the course
26 and scope of their employment for Swift Transportation Co.

27    7. Defendant Swift Transportation Services, LLC is a Delaware limited liability
28 company with its principal place of business located in Phoenix Arizona. Defendant

1   Swift Transportation Services is registered to, and does, conduct business within the
2   State of California. Any acts or omissions of Swift Transportation Services' employees
3   as alleged herein occurred while they were working within the course and scope of
4   their employment for Swift Transportation Services.

5       8.  Plaintiff is unaware of the true names or capacities of the Defendants sued herein
6   as DOES 1 through 10, inclusive ("Doe Defendants"), and therefore sues said Doe
7   Defendants by such fictitious names. Plaintiff will seek leave of this Court to amend
8   this Complaint to insert the true names and capacities of such Doe Defendants when
9   such information has been obtained. Plaintiff is informed and believes, and based on
10  such information and belief alleges, that each of the fictitiously named Doe Defendants
11  has participated in some way in the wrongful acts and omissions alleged below, and is
12  liable to Plaintiff for damages and other relief to which Plaintiff is entitled.

13                          **JURISDICTION AND VENUE**

14      9.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this action
15  arises under the Fair Labor Standards Act of 1938, as amended, ("FLSA"), 29 U.S.C.
16  § 201, et seq.

17      10. The primary defendants are not States, State officials, or other governmental
18  entities within the meaning of 28 U.S.C. § 1332(d)(5)(A).

19      11. Venue is proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of
20  the acts or omissions giving rise to these claims occurred in the Central District of
21  California.

22      12. This Court has supplemental jurisdiction over Plaintiff's state law claims arising
23  under statutory or common law pursuant to 28 U.S.C. § 1367, because those claims
24  are joined with substantial and related claims under federal law.

25      13. On January 28, 2020, Plaintiff sent a PAGA letter via certified mail to
26  Defendants and uploaded the letter to the Labor and Workforce Development Agency
27  ("LWDA") website. Plaintiff subsequently sent an amended PAGA letter via certified
28  mail to Defendants and uploaded the letter to the LWDA website on January 30, 2020.

-3-

1 Upon the expiration of 65 days from the date the amended PAGA notice was mailed,
2 Plaintiff intends to amend the instant complaint in order to seek penalties under PAGA.

3 **GENERAL ALLEGATIONS**

4    14. At all times relevant, Plaintiff, the Collective, the Class, and the Aggrieved
5 Employees were Defendants' "employees."

6    15. At all times relevant, Defendants, directly or indirectly, were the employers
7 and/or joint employers of Plaintiff, the Collective, the Class, and the Aggrieved
8 Employees.

9    16. At all times relevant, Plaintiff, the Collective, the Class, and the Aggrieved
10 Employees were permitted to work by, and economically dependent upon, the business
11 of Defendants.

12    17. At all times relevant, Defendants jointly determined, shared, or allocated the
13 power to direct, control, or supervise Plaintiff, the Collective, the Class, and the
14 Aggrieved Employees through direct and/or indirect means.

15    18. At all times relevant, Defendants jointly controlled all aspects of Plaintiff, the
16 Collective, the Class, and the Aggrieved Employees' work duties, set their pay and
17 schedule, and acted in such a way that Defendants were "employers" within the
18 meaning of the FLSA.

19    19. At all times relevant, Defendants formally and/or as a matter of practice, jointly
20 determined, shared, or allocated the power to – directly or indirectly – hire or terminate
21 Plaintiff, the Collective, the Class, and the Aggrieved Employees or to modify the
22 terms of, or conditions of, their employment.

23    20. At all times relevant, either formally or as a matter of practice, Defendants
24 jointly determined, shared, or allocated responsibility over functions ordinarily carried
25 out by an employer, such as handling payroll and providing the facilities, tools, or
26 materials necessary for Plaintiff, the Collective, the Class, and the Aggrieved
27 Employees to complete their work.

28    21. At all times relevant, Defendants jointly reaped benefits from the non-payment

-4-
COLLECTIVE AND CLASS ACTION COMPLAINT

1  and/or underpayment of wages to Plaintiff, the Collective, the Class, and the
2  Aggrieved Employees.

3      22. During the course of their employment, Plaintiff, the Collective, the Class, and
4  the Aggrieved Employees were paid nondiscretionary bonuses which were paid
5  quarterly.

6      23. When Plaintiff and the Collective worked in excess of 40 hours during the
7  workweek, Defendants did not properly include these nondiscretionary bonuses in the
8  calculation of their "regular rate of pay" for overtime purposes.

9      24. When Plaintiff, the Class, and the Aggrieved Employees' worked over eight
10  hours per day, Defendants did not properly include these nondiscretionary bonuses in
11  the calculation of their "regular rate of pay" for overtime purposes.

12      25. During Plaintiff, the Class, and the Aggrieved Employees' tenure of
13  employment, Defendants unlawfully required them to work for more than five hours
14  without providing a compliant meal period of at least 30 minutes, in violation of Labor
15  Code section 512.

16      26. In addition to its failure to provide Plaintiff, the Class, and the Aggrieved
17  Employees with compliant meal breaks, Defendants also failed to pay the them one
18  hour of pay in lieu of a missed meal break as required by Labor Code section 226.7.

19      27. Furthermore, Defendants regularly failed to provide Plaintiff, the Class, and the
20  Aggrieved Employees with statutorily compliant rest breaks and likewise failed to pay
21  them one hour of premium pay in lieu of missed rest breaks.

22      28. At all times relevant, Defendants maintained and enforced a uniform policy by
23  which it regularly and consistently failed to provide Plaintiff, the Class, and the
24  Aggrieved Employees with complete and accurate itemized wage statements which
25  accurately stated the total hours worked, overtime hours worked, premium wages
26  owed for missed rest and meal periods, or the correct name of the employer.

27      29. Defendants knew, or should have known, that Plaintiff, the Class, and the
28  Aggrieved Employees were entitled to receive complete and accurate wage statements

-5-
COLLECTIVE AND CLASS ACTION COMPLAINT

1  in accordance with California law, and that, in violation of the California Labor Code,
2  they were not provided complete and accurate wage statements.

3      30. Subsequent to ending their tenure of employment with Defendants, Plaintiff, the
4  Waiting Time Subclass, and the Aggrieved Employees never received outstanding
5  compensation due and owing to them and never received waiting time penalties
6  pursuant to Labor Code section 203.

7                    **ALLEGATIONS RELEVANT TO THE COLLECTIVE**

8      31. Plaintiff and the Collective were underpaid overtime and therefore seek redress
9  under the FLSA.

10     32. The First Cause of Action for violations of the Fair Labor Standards Act
11 ("FLSA") is being brought and maintained as an "opt-in" collective action pursuant to
12 29 U.S.C. § 216(b).

13     33. Plaintiff hereby consents to sue for violations of the FLSA pursuant to 29 U.S.C.
14 §§ 216(b) and 256.

15     34. Plaintiff and the members of the Collective are similarly situated in that they
16 were subject to Defendants' common practices and policies which resulted in their
17 being underpaid overtime compensation.

18                          **CLASS ACTION ALLEGATIONS**

19     35. At all times relevant, Plaintiff and the Class were "employees" of Defendants
20 under the California Labor Code and were protected by the provisions of the Wage
21 Orders.

22     36. This action has been brought and may be maintained as a class action under
23 Federal Rule of Civil Procedure 23 because the requirements of Rule 23(a) and (b)(3)
24 have been met.

25     37. The Class meets the numerosity requirement because it consists of well over
26 100 members, which would make joinder of individual class members impracticable.

27     38. The commonality requirement is satisfied for the Class because there are
28 common questions of law and fact involving the rights of each class member and the

-6-

1  relief sought by the entire class. Specifically, these common questions of law and fact
2  include:

3       a.  Whether Defendants failed to pay overtime at the correct rate to the Class
4  pursuant to Labor Code sections 510 and 1194;

5       b.  Whether Defendants failed to provide Class members with complaint
6  meal and/or rest breaks or payment in lieu thereof as required under Labor Code
7  section 226.7;

8       c.  Whether Defendants failed to provide members of the California with
9  accurate itemized wage statements as required under Labor Code section 226(a);

10      d.  Whether Defendants failed to pay all wages due on separation or
11 termination of employment to members of the Waiting Time Subclass;

12      e.  Whether Defendants violated Business & Professions Code section 17200
13 et seq. by engaging in the acts alleged herein.

14     39. The typicality requirement is satisfied because Plaintiff's claims for failure to
15 pay correct overtime, failure to provide meal and rest breaks, failure to pay meal and
16 rest break penalties, and failure to issue accurate wage statements are identical to the
17 claims being asserted by all members of the Class, and failure to pay all wages due at
18 the conclusion of employment as to the Waiting Time Subclass.

19     40. Plaintiff will fairly and adequately represent and protect the interests of the
20 members of the Class. Counsel for Plaintiff and the putative class members has
21 substantial experience in litigating employment matters generally, and class action
22 cases specifically, and further has the financial resources needed to litigate the
23 collective and class claims at issue.

24     41. A class action is superior to other available means in resolving this controversy
25 because it provides the optimal level efficiency and fairness under the circumstances.
26 When Defendants have over 1,000 employees in California, individual joinder of all
27 proposed class and subclass members would be impracticable. Moreover, questions of
28 law and fact which are common to the class predominate over any questions affecting

/2

1  only individual members – to the extent any individual questions exist at all. Each
2  member of the proposed class has been damaged and are entitled to recovery by reason
3  of Defendants' illegal policy and/or practice of failing to pay all wages due, failing to
4  provide meal and/or rest periods or compensation in lieu thereof, and failing to provide
5  accurate itemized wage statements.

6      42. Class action treatment will allow those similarly situated persons to litigate their
7  claims in the manner that is most efficient and economical for the parties and the
8  judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered
9  in the management of this action that would preclude its maintenance as a class action.

10              **FIRST CAUSE OF ACTION**
11          **VIOLATION OF FLSA – UNPAID OVERTIME**
12          **(Plaintiff and the Collective Against All Defendants)**

13      43. Plaintiff and the Collective re-allege and incorporate by reference each and
14  every allegation contained in the paragraphs above.

15      44. Pursuant to the FLSA, Plaintiff and the Collective were entitled to overtime pay
16  at a rate of 1.5 times their regular rate of pay for every hour worked in excess of 40
17  hours during the workweek.

18      45. At all times relevant, Defendants failed to compensate Plaintiff and the
19  Collective at a rate of 1.5 times their regular rate of pay for all hours in excess of 40
20  hours during the workweek because Defendants did not properly include non-
21  discretionary bonuses in the calculation of the Collective's regular rate of pay for
22  purposes of calculating their correct overtime rate.

23      46. The actions of Defendants as alleged herein constitute a willful violation of the
24  FLSA's provisions relating to overtime pay.

25      47. Defendants' violation makes them liable to Plaintiff and the Collective for all
26  unpaid overtime compensation.

27      48. As a result of Defendants' violations of the FLSA, Plaintiff and the Collective
28  have suffered damages in excess of the jurisdictional minimum.

-8-

49. Because Defendants' violation of the FLSA's overtime provisions were willfully committed, Plaintiff and the Collective are entitled to liquidated damages in an amount equal to the total amount of unpaid overtime compensation.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY HOURLY WAGES

### (Plaintiff and the Class Against All Defendants)

50. Plaintiff and the Class re-allege and incorporate by reference each and every allegation contained in the paragraphs above and, to the extent necessary, plead this cause of action in the alternative.

51. Pursuant to Labor Code section 204, as well as other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

52. Labor Code section 1194(a) provides that "...any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit."

53. At all times relevant, Defendants required Plaintiff and the Class to work hours for which Defendants failed to pay them the full and accurate amount of all earned wages at the appropriate rate.

54. Specifically, Defendants failed to properly and correctly calculate the Plaintiff and Class' regular rate of pay for the purposes of overtime because it omitted nondiscretionary bonuses from their overtime calculations.

55. As a result of Defendants' unlawful wage practices as alleged herein, Plaintiff and the Class have been denied full compensation for all hours worked by them.

56. As a direct consequence of Defendants' unlawful failure to pay Plaintiff and the Class the full and accurate amount of all earned wages at the appropriate rate for the true number of hours they worked, Plaintiff and the Class have suffered and will

1 continue to suffer economic injuries in an amount in excess of the jurisdictional
2 minimum of this Court.

3      57.Plaintiff and the Class therefore request recovery of all unpaid wages, as well as
4 an assessment of penalties including, but not limited to, all of the sums as provided by
5 the California Labor Code and/or other applicable statutes.

6      58.As a result of Defendants' acts and omissions as alleged herein, Plaintiff
7 requests that the Court find Defendants to have willfully failed to pay overtime wages
8 due to Plaintiff and the Class; award all actual losses and damages; prejudgment
9 interest on any unpaid wages from the date such amounts were due; and for all legally
10 authorized penalties and costs of suit.

11 **THIRD CAUSE OF ACTION**

12 **FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU**
13 **THEREOF**

14 **(Plaintiff and the Class Against All Defendants)**

15      59.Plaintiff and the Class re-allege and incorporate by reference each and every
16 allegation contained in the paragraphs above and, to the extent necessary, plead this
17 cause of action in the alternative.

18      60.At all times relevant herein, the Wage Orders and California Labor Code section
19 512(a) provides that an employer may not require, cause or permit an employee to
20 work for a period of more than five (5) hours per day without providing the employee
21 with an uninterrupted meal period of not less than thirty (30) minutes, except that if
22 the total work period per day of the employee is not more than six (6) hours, the meal
23 period may be waived by mutual consent of both the employer and the employee.

24      61.At all times relevant herein, Labor Code section 226.7 provided that if an
25 employer fails to provide an employee a meal period or rest period in accordance with
26 an applicable order of the Industrial Welfare Commission, the employer shall pay the
27 employee one (1) additional hour of pay at the employee's regular rate of
28 compensation for each workday that a meal period is not provided.

1    62. At all times relevant, Defendants repeatedly failed to comply with the meal
2  period requirements of the Labor Code and the Wage Orders by failing to provide
3  Plaintiff and the Class with a thirty (30) minute uninterrupted duty-free meal period
4  within five (5) hours of the beginning of their shift in violation of Labor Code sections
5  512(a) and the Wage Orders. Defendants also failed to compensate Plaintiff and Class
6  one (1) hour of wages for any of the missed meal periods not provided by Defendants,
7  as alleged above, which failure also violated Labor Code section 226.7.

8    63. As a result of the unlawful acts of Defendants as alleged herein, Plaintiff and
9  the Class have been deprived of premium wages in amount in excess of the
10  jurisdictional minimum of this Court.

11  **<u>FOURTH CAUSE OF ACTION</u>**

12  **FAILURE TO PROVIDE REST PERIODS OR COMPENSATION IN LIEU**
13  **THEREOF**

14  **(Plaintiff and the Class Against All Defendants)**

15    64. Plaintiff and the Class re-allege and incorporate by reference each and every
16  allegation contained in the paragraphs above and, to the extent necessary, plead this
17  cause of action in the alternative.

18    65. The Wage Orders and Labor Code section 226.7 set forth that every employer
19  shall provide and shall authorize and permit all employees to take rest periods, which
20  insofar as practicable shall be in the middle of each work period, and that the rest
21  period time shall be based on the total hours worked daily at the rate of (10) minutes
22  net rest time per four (4) hours or major fraction thereof, unless the total daily work
23  time is less than three and one-half hours.

24    66. Labor Code section 226.7 further provides that if an employer fails to provide
25  an employee a rest period in accordance with an applicable order of the Industrial
26  Welfare Commission, the employer shall pay the employee one (1) additional hour of
27  pay at the employee's regular rate of compensation for each workday that a rest period
28  was not provided.

1     67. At all times relevant, Defendants regularly and repeatedly required Plaintiff and

2 the Class to work four (4) hours and/or a major fraction thereof without providing,

3 authorizing or permitting at least one paid ten (10) minute rest period during which

4 Plaintiff and the Class were relieved of all duties.

5     68. Pursuant to Labor Code section 226.7(b), Plaintiff and the Class are entitled to

6 recover from Defendants one (1) additional hour of pay at their regular hourly rate of

7 compensation for each workday that a rest period was not provided.

8     69. As a result of the unlawful acts of Defendants as alleged herein, Plaintiff and

9 the Class have been deprived of premium wages in amount in excess of the

10 jurisdictional minimum of this Court.

11 **FIFTH CAUSE OF ACTION**

12 **FAILURE TO FURNISH ITEMIZED WAGE STATEMENTS**

13 **(Plaintiff and the Class Against All Defendants)**

14     70. Plaintiff and the Class re-allege and incorporate by reference each and every

15 allegation contained in the paragraphs above and, to the extent necessary, pleads this

16 cause of action in the alternative.

17     71. Labor Code section 226(a) requires Defendants to itemize in wage statements

18 the total number of hours worked, all overtime wages earned, the proper rate of pay

19 for overtime, and the correct name of the employer.

20     72. Defendants has knowingly and intentionally failed to comply with Labor Code

21 section 226(a) with respect to the wage statements it has provided to Plaintiffs and the

22 Class because it did not list the total number of hours worked, all overtime wages

23 earned, the proper rate of pay for overtime, and the correct name of the employer.

24     73. As a result of Defendants' violation of Labor Code sections 226(a), Plaintiff and

25 the Class have suffered injury and damage to their statutorily protected rights. These

26 injuries and damages include, but are not limited to, the denial of their legal right to

27 receive and their protected interest in receiving accurate, itemized wage statements

28 under Labor Code section section226(a). Moreover, the inaccurate and incomplete

-12-

wage statements provided by Defendants deceived Plaintiff and the Class about the wages and other compensation to which they were entitled. As a further result of Defendants' failure to provide Plaintiff and the Class with accurate wage statements in accordance with Labor Code section 226, Plaintiff and the Class have suffered injuries and seek all legally authorized penalties under Labor Code section 226 as well as any other applicable provisions of California law.

74. Pursuant to Labor Code section 226(e), each Plaintiff and the Class are entitled to recover the greater of all actual damages or $50.00 for the initial pay period in which a violation occurs and $100.00 for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000.00, and is entitled to an award of costs and reasonable attorneys' fees.

75. Plaintiff and the Class are also entitled to injunctive relief to ensure compliance with this section, pursuant to Labor Code section 226(g).

### SIXTH CAUSE OF ACTION

**FAILURE TO PAY ALL WAGES UPON CONCLUSION OF EMPLOYMENT**

**(Plaintiff and the Waiting Time Subclass Against All Defendants)**

76. Plaintiff and the Waiting Time Subclass re-allege and incorporate by reference each and every allegation contained in the paragraphs above and, to the extent necessary, plead this cause of action in the alternative.

77. Labor Code section 203 provides that if an employer willfully fails to pay wages owed in accordance with Labor Code sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid, but the wages shall not continue for more than thirty (30) days.

78. Labor Code section 201 provides if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

79. Labor Code section 202 provides that an employee is entitled to receive all unpaid wages no later than seventy-two (72) hours after an employee quits his or her employment, unless the employee has given seventy-two (72) hours previous notice

-13-

1  of his or her intention to quit, in which case the employee is entitled to his or her wages
2  at the time of quitting.

3      80. At all times relevant, Defendants willfully failed to pay Plaintiff and the Waiting
4  Time Subclass all their wages due upon the conclusion of their employment within the
5  times prescribed by Labor Code sections 201 and 202 and are therefore subject to a
6  waiting time penalty. Plaintiff and the Waiting Time Subclass are therefore entitled to
7  recover from Defendants the statutory penalty for each day they were not paid their
8  owed wages, up to a thirty (30) day maximum pursuant to California Labor Code
9  section 203.

10                          **SEVENTH CAUSE OF ACTION**
11               **UNLAWFUL AND/OR UNFAIR BUSINESS PRACTICES**
12  **(Plaintiff, the Class, and the Waiting Time Subclass Against All Defendants)**

13      81. Plaintiff, the Class, and the Waiting Time Subclass re-allege and incorporate by
14  reference each and every allegation contained in the paragraphs above and, to the
15  extent necessary, plead this cause of action in the alternative.

16      82. As alleged herein, Plaintiff, the Class, and the Waiting Time Subclass have
17  suffered direct injury as a result of Defendants' conduct and bring this action under
18  Code of Civil Procedure section 382. Defendants' deprivation of Plaintiffs and the
19  Class' wages and meal premiums, and Defendants' provision of inaccurate wage
20  statements, as well as Defendants' failure to timely pay wages at the conclusion of the
21  Waiting Time Subclasses' employment are unlawful business practices within the
22  meaning of Business and Professions Code section 17200, et seq. including, but not
23  limited to, a violation of the Wage Orders, regulations, and statutes. Further, these
24  practices are otherwise unfair.

25      83. Under Business and Professions Code section 17200, et seq., including, but not
26  limited to, sections 17201, 17203, and 17208, Plaintiff, the Class, and the Waiting
27  Time Subclass seek, amongst other things, restitution of compensation due throughout
28  their employment.

-14-
COLLECTIVE AND CLASS ACTION COMPLAINT

84. At all times relevant, Defendants have committed violations of law, as described herein, including, but not limited to:

a)     Violation of Labor Code sections 226.7 and 512(a) for Defendants' failure to provide Plaintiff and the Class with meal and rest periods or compensation in lieu thereof;

b)     Violation of Labor Code sections 1194, 1197 and 1197.1 for Defendants' failure to compensate Plaintiff and the Class for all hours worked at the proper rate of pay;

c)     Violations of Labor Code sections 226(a) for failure to provide accurate wage statements to Plaintiff and the Class; and

d)     Violation of Labor Code sections 201, 202 and 203 for failure to timely pay all earned wages to Plaintiff and the Waiting Time Subclass upon discharge.

85. These unlawful and unfair business practices defeat the public interest purposes of the State's labor laws, as set forth in the sections of the California Labor Code, the California Code of Regulation, and the Wage Orders referenced elsewhere in this Complaint, all of which promote compliance with labor laws and employment regulations by participants in Defendants' industry.

86. Defendants' unfair and unlawful business practices thus have violated the sections of the Labor Code, California Code of Regulation and IWC Wage Orders referenced in this Complaint and have imposed harm on their employees and their competitors and will continue to do so until abated.

87. As a result of these unfair and unlawful business practices, Defendants have retained monies belonging to Plaintiff, the Class, and the Waiting Time Subclass, and they have been unjustly enriched at their expense. Plaintiff, the Class, and the Waiting Time Subclass are entitled to restitution of the wages and monies withheld and retained by Defendants at all times relevant to this action.

88. This action will result in the enforcement of an important right affecting the public interest. The conduct of Defendants as alleged herein has been and continues to

-15-

1 | be unfair, unlawful and harmful to Plaintiff, the Class, the Waiting Time Subclass, and
2 | the general public. Accordingly, under Code of Civil Procedure section 1021.5,
3 | Plaintiff, the Class, and the Waiting Time Subclass are entitled to an award of
4 | reasonable attorneys' fees and costs.

5 | ### JURY DEMAND

6 | 89.Plaintiff, the Collective, the Class, and the Waiting Time Subclass hereby
7 | demand a trial by jury on all issues of fact.

8 | ### PRAYER FOR RELIEF

9 | WHEREFORE, on behalf of herself and the members of the putative class, prays for
10 | relief as follows:

11 | A) As to the Class Action: That the court certify this action as a Class Action;
12 | appoint Plaintiff as class representative; and Plaintiff's attorneys as class counsel.

13 | B) As to the First Cause of Action: That the court certify this action as an FLSA
14 | collective action; issue notice allowing similarly situated individuals to opt in to this
15 | case; and grant an award of unpaid overtime and an equal amount in liquidated
16 | damages to the Collective.

17 | C) As to the Second Cause of Action: That the Court grant to Plaintiff and the Class
18 | an award of unpaid overtime; for prejudgment interest on any unpaid wages from the
19 | date such amounts were due; and for all legally authorized penalties.

20 | D) As to the Third Cause of Action: That the Court grant to Plaintiff and the Class
21 | an award of one (1) hour of pay at their regular rate of compensation for each workday
22 | that a meal period was not provided; for prejudgment interest on any unpaid wages
23 | from the date such amounts were due; and for all legally authorized penalties.

24 | E) As to the Fourth Cause of Action: That the Court grant to Plaintiff and the Class
25 | an award of one (1) hour of pay at their regular rate of compensation for each workday
26 | that a rest period was not provided; for prejudgment interest on any unpaid wages from
27 | the date such amounts were due; and for all legally authorized penalties.

28

1   F) As to the Fifth Cause of Action: That the Court grant to Plaintiff and the Class
2 an award of wage statement penalties pursuant to Labor Code section 226; for all actual
3 and incidental losses and damages; and for all legally authorized penalties.

4   G) As to Sixth Fifth Cause of Action: That the Court grant to Plaintiff and the
5 Waiting Time Subclass an award of all waiting time penalties due pursuant to Labor
6 Code section 203; for all actual and incidental losses and damages; for prejudgment
7 interest on any unpaid wages from the date such amounts were due; and for all legally
8 authorized penalties.

9   H) As to the Seventh Cause of Action: That the Court declare, adjudge, and decree
10 that Defendants violated California Business and Professions Code section 17200 et
11 seq. and that the Court grant restitution for all unpaid wages to Plaintiff and the Class.

12   I) As to All Causes of Action:

13     i.   An award of costs, interest, and attorney's fees to the extent, if any, allowed
14          by law; and

15     ii.  For such other and further relief as this Court deems just and proper.

16

17 Date: February 18, 2020                    FRONTIER LAW CENTER

18

19

20                                           Manny Starr
21                                           Attorney for Plaintiff
                                             Terri Gibson
22

23

24

25

26

27

28